Lane, C. J.,
dissenting. I can not bring my mind to concur with the views of my brethren in this case.
When the legislature committed the interests of Seely to our hands, to be determined by the principles of justice and good faith, I do not understand that they have given us any other rules than those which always guide the conscience of the chancellor. I eer *435 tainiy can not infer that the state intended to exercise a spirit of reckless generosity at a season when it is unable to meet its hon-est debts.
I can not attach to this contract any terms except those which the parties have written. Seely offered to sell the state any quantity of land not exceeding ten acres, at $500 an acre. The state accepted two acres if Seely would construct a tail-race. This is •all. The state took as owner *in fee, without obligation to use it in any particular manner. That it should be so used, Seely trusted, not to the stipulations of the contract, but to the interests •of the purchaser. His schemes of improvement, his plans of action, his efforts to make his land the seat of business, were motivos which led him to make the offer, but matters in which the state incurred no obligation. His hopes and expectations were not created by the agents of the state, nor does anything they have done impose upon it the obligation to indemnify him for his failure or disappointment.
But, admitting the state was bound to transmit water from the •canal, on Seely’s land, I do not perceive how Seely has placed himself in a position to claim this duty. The race which Seely should prepare has never been completed; the means of performance which Seely should provide, have never yet been rendered possible.
Admitting the obligation, and the failure of the state to comply with it, it seems to me Seely has already received the amplest compensation for all losses he sustained from this failure, by the $5,000 which have been already paid. But, even if he has not, the acceptance of that sum on a claim he preferred, is to be taken as a satisfaction of that claim.
But, passing over all other difficulties, and conceding the liability to make this compensation, it belongs to Ms creditors, and should be distributed to them through the commissioner of insolvents, to whom he has assigned his effects, but who is not a party to this bill.
It is with the most profound respect for the opinion of my brethren, I feel constrained, for these reasons, to record my dissent.